ELIZABETH T. PETERS, RESPONDENT, v. JOHN HANCOCK LIFE INSURANCE COMPANY, APPELLANT.

Argued January 17, 1939—Decided April 10, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Frank S. Katzenbach, 3d.*

For the respondent, *David Kelsey.*

The opinion of the court was delivered by

PARKER, J. This is a suit by the beneficiary of an industrial life insurance policy issued by the defendant on the life of Daisy Straub, daughter of the plaintiff. Admittedly, the policy lapsed for non-payment of weekly premiums. The premiums in default were subsequently paid, and the policy went through the procedural forms of reinstatement prescribed by the company, and payment of premiums continued until the death of the insured. The company declined to pay the death claim on the ground of fraudulent misstatement of fact in the written application for reinstatement claimed by it to have been signed by the assured in the presence of defendant's assistant manager, and attested by him as subscribing witness, to the effect that she was then in sound health and had not received any medical treatment during the past year; whereas in fact she was suffering from Bright's disease and had been treated for it by a physician who was a witness at the trial. The case was tried with a jury, and the court denied motions to nonsuit and to direct a verdict for defendant and submitted the matter to the jury in a charge to which no exception was taken. The sole ground of appeal argued is the refusal to direct a verdict for the defendant.

The principal, if not the only question of fact involved, is whether the assured Daisy Straub actually signed the application for reinstatement representing that she was in sound health and had had no medical treatment. On this point the testimony of the plaintiff and that of the defendant's local assistant manager were in flat contradiction, and on rebuttal the husband of deceased testified that the signature "Daisy Straub" on the application was not that of his wife; so that the jury were entitled to find that the assured had not signed the paper in question. If she did not, the defense of fraudulent misrepresentation falls to the ground.

The plaintiff denied that she knew or was told that the policy had lapsed. She admitted that the payments were in arrear, both on the policy in question and one on the life of her husband, and testified that the assistant manager called on her a number of times (as he himself testified) to collect the arrearages; and that when they were paid up, at her house, he "signed a paper on the table" and said he would have to take the books, and if anything should happen she would not have to worry. As a matter of fact, the policy was "lapsed" on the home office records on October 7th, and reinstated on those records October 26th. On these facts it was open to the jury to say that the company through its assistant manager had waived the lapse for non-payment of premiums, the case being (as the jury could find) that the company through no fault of the insured or of the plaintiff but by the act of its own agent had reinstated the policy, and accepted premiums thereon until the death of the insured. The question then is the responsibility of a principal for the act of an agent to the detriment of the principal in a case where the limitations of authority in the agent are unknown to the third party but where, as a jury might say, the transaction was at least within the apparent range of his employment. *Millville Insurance Co.* v. *Building Association,* 43 *N. J. L.* 652; 32 *C. J.* 1062.

Tested by these rules, we think there was no error in the refusal to direct, and the judgment will be accordingly affirmed.